## 16263. MIXON *v.* THE STATE.

The objection that an intimation as to what had been proved was contained in the instructions set out in special grounds 1 and 2 of the motion for a new trial is without merit.

The instruction set out in the next ground was not erroneous because of failure to give an additional instruction not requested. See *Grant* v. *State,* 152 *Ga.* 252 (109 S. E. 502), and cases cited.

DECIDED APRIL 14, 1925.

Accusation of possession of liquor; from city court of Sylvania— Judge Evans. January 13, 1925.

*A. M. Deal, H. A. Boykin,* for plaintiff. in error.

*H. S. White, solicitor,* contra.

LUKE, J. Mixon was convicted of the offense of possessing intoxicating liquor. He contends in his motion for a new trial (*a*) that the evidence did not authorize his conviction, and (*b*) that the court erred in charging the jury as follows: (1) "It is contended on the part of the defendant in this case that he did not have in his possession, custody, or control any intoxicating liquors described in this accusation, and that the suit-case taken by the officers, which contained said liquor, was not his, and was not in his possession, and that no one saw him place said suit-case in the building of Mr. W. H. Parker." (2) "I charge you that you may consider these circumstances in arriving at what the truth of this case is." (3) "In determining what the truth of this case is, it will be your duty to take into consideration all the facts and circumstances of the case, the witnesses' manner of testifying, the other means and opportunities of knowing the facts to which they testify, their interest or want of interest, and also their personal credibility so far as it may appear upon the trial of this case;" the movant contending that the "vice of this charge" was "that, in addition to the above statement, the court should have charged that the jury had the right to consider the state of the feeling of the witnesses towards the defendant, or any other fact in connection with said trial that would assist the jury in arriving at the truthfulness of the transaction; and the failure of the court to so charge was error."

For no reason assigned was the charge of the court, when read in its entirety, erroneous. The evidence amply authorized the defendant's conviction, and the conviction has the approval of the

trial judge. The court properly overruled the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*